## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

               Plaintiff,

                                         Crim. No. 07-417 (RHK)
                                         Civ. No. 09-3155 (RHK)
                                         **MEMORANDUM OPINION**
                                         **AND ORDER**

v.

Eldon Philip Anderson,

               Defendant.

John R. Marti, Assistant United States Attorney, Minneapolis, Minnesota, for Plaintiff.

Bruce R. Williams, Williams Law Office, Virginia, Minnesota, for Defendant.

This matter is before the Court on Defendant Eldon Philip Anderson's Motion under 28 U.S.C. § 2255. For the reasons set forth below, the Court will deny the Motion.

### BACKGROUND

On March 28, 2008, pursuant to a Plea Agreement, Anderson pleaded guilty to Count I of an Indictment charging him with securities fraud. During his plea colloquy, he admitted that he sold unregistered securities between 2000 and 2007; that he was not licensed to sell securities; and that two cease-and-desist orders had previously been entered against him in both Minnesota and North Dakota, which expressly prohibited him from offering or selling unregistered securities. (See Transcript of Mar. 28, 2008, Change of Plea ("Plea Tr.") at 13–14.) He acknowledged that he had no reason to dispute

the Government's contention that he fraudulently obtained over a million dollars from

various investors.  (See id. at 16.)  He further admitted using some of the money from the

securities sales for his own personal expenses.  (See id. at 14–15.)

The Sentencing-Guideline range anticipated in Anderson's Plea Agreement was

78 to 97 months' imprisonment.  (See Plea Agreement ¶ 6(e).)  Anderson waived his

right to appeal his sentence as long as it did not exceed 97 months.  (Id. ¶ 11.)  He was

sentenced on November 20, 2008—after hearing from numerous victims, as well as from

the Government and defense counsel, the Court imposed a Guidelines sentence of 97

months and ordered restitution.  (See generally Transcript of Nov. 20, 2008, Sentencing.)

Anderson now seeks relief under 28 U.S.C. § 2255.  Although he originally listed

three grounds for his Motion, all three are based on the allegedly ineffective assistance of

his appointed counsel, Assistant Federal Defender Lyonel Norris.[1]  Anderson argues that

counsel was ineffective in two respects—by failing to raise the issue of Anderson's

competence prior to his guilty plea and sentencing, and by failing to inform him of a

potential advice-of-counsel defense.  (See Doc. No. 72.)[2]  An evidentiary hearing was

held on April 7, 2011, and the Motion is now ripe for decision.

**DISCUSSION**

In order to prove that he was denied effective assistance of counsel, Anderson

must show that counsel's performance "fell below an objective standard of

---

[1] Specifically, the grounds listed are: (1) "denial of effective assistance of counsel"; (2) "counsel
failure to file motion on Mr. Anderson's mental competence before his guilty plea and
sentencing"; and (3) "counsel failure on reliance-on-advice of counsel defense."  (Doc. No. 71.)

[2] All references to the docket refer to the *criminal* docket, Crim. No. 07-417.

reasonableness . . . [and] that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." Strickland

v. Washington, 466 U.S. 668, 687–88, 694 (1984).  In the context of a guilty plea, this

means that but for counsel's errors, the defendant "would not have pleaded guilty and

would have insisted on going to trial." Iron Wing v. United States, 34 F.3d 662, 664 (8th

Cir. 1994) (quoting Hill v. Lockhart, 474 U.S. 52, 57–59 (1985)).  Applying this standard

here, both of Anderson's ineffective-assistance claims fail.

**I.      Counsel was not ineffective with respect to Anderson's competency**

The Court previously issued an order limiting the evidentiary hearing on this

Motion to the second claim—the alleged failure related to the advice-of-counsel defense.

(See Order dated July 9, 2010 (Doc. No. 97).)  "A defendant is entitled to a hearing on a

§ 2255 motion 'unless the motion, files, and record conclusively show' that the defendant

is not entitled to relief." United States v. Regenos, 405 F.3d 691, 694 (8th Cir. 2005)

(quoting Koskela v. United States, 235 F.3d 1148, 1149 (8th Cir. 2001)).  Here, as the

record conclusively demonstrates, Anderson is not entitled to relief on his first

ineffective-assistance claim, and no hearing was necessary.

In support of his first claim, Anderson points to physical conditions he now suffers

from and argues that his "physical health was impaired at the time of the proceedings

before this Court."  (Mem. in Supp. (Doc. No. 72) at 6–7.)  He claims he also suffered

from "disorganized thinking" and "deficits in sustaining attention and concentration"

which made it difficult to consult with Mr. Norris and to keep his full attention focused

on the proceedings.  (Id. at 7.)  Yet, the record in this case, as well as the Court's own

questioning and observations of Anderson, bely these arguments.

Before accepting Anderson's guilty plea, the Court thoroughly inquired into his

competency.  In response to the Court's question about medical treatments, Anderson

stated only that he was on a "concoction of vitamins and so on" to keep his blood

pressure in check.  (Plea Tr. at 29.)  The only other medical problem mentioned at the

time of his plea was his expressed concern about hearing problems.  (See id. at 29.)

However, the Court observed "[i]t does not appear that you're having any difficulty" and

instructed Anderson to inform the Court if he had problems hearing or understanding

anything that was going on.  (Id.)  Anderson also confirmed that he had been able to

converse with Norris and that he understood what they had discussed.  (Id. ("The Court:

. . . What I want to make sure, you have been able to converse with Mr. Norris and listen

to what he has to tell you and understand it; isn't that correct?  The Defendant:  Yes, your

Honor, that is true.").)  He answered affirmatively when asked if he had been able to

understand what was transpiring during the plea hearing.  (Id.)  Finally, when asked if

there was any reason the Court should be concerned about his ability to understand

anything related to his change of plea, Anderson clearly responded "No, sir."  (Id.)  The

Court paused twice before accepting Anderson's guilty plea to allow him to consult

further with Norris.  (See id. at 32– 33.)  Only after fully satisfying itself of Anderson's

competency did the Court accept his plea.

On this record, the Court must reject Anderson's first ineffective-assistance claim

because counsel did not act unreasonably in failing to assert the meritless competency

argument.  Simply put, "counsel's failure to advance a meritless argument cannot

constitute ineffective assistance."  Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir.

1994) (*per curiam*).  Moreover, because the argument would not have succeeded, there is

no reasonable basis to conclude that, had counsel made the argument, Anderson would

not have pleaded guilty.  Iron Wing, 34 F.3d at 664.

## II.     Counsel was not ineffective with respect to the advice-of-counsel defense

At the evidentiary hearing on his second claim, Anderson (through new appointed

counsel, Bruce Williams) proffered his previously-filed declarations and exhibits, as well

as time records of the work done on his case by individuals in the Federal Defender's

Office, including attorney Norris and investigator Michael Kaulfuss.  He also called two

witnesses, Norris and Special Agent Robert M. Strande of the U.S. Postal Inspection

Service, who testified only briefly.[3]  Anderson declined to testify.[4]

With respect to this claim, Anderson argues that counsel was ineffective for failing

to properly advise him of a potential advice-of-counsel defense—a defense he believes

was available to him because he had consulted with business attorneys about his

securities sales.  An advice-of-counsel defense, however, does not protect every

---

[3] Anderson also intended to call Kaulfuss, but he was unavailable to testify due to illness.  The Government offered his Declaration instead, to which Anderson objected.  The Court overruled the objection and admitted the Declaration.  However, upon further consideration, and out of an abundance of caution, the Court will not consider Kaulfuss's Declaration in ruling on this Motion, as the record is sufficient without it.

[4] Although he chose not to testify, Anderson requested midway through the hearing that the Court permit him to begin questioning counsel in place of Williams.  Because Anderson was represented by counsel, the Court denied this request.  Anderson then attempted to terminate Williams's representation, but the Court again denied his request, directing him to relay the questions he wanted asked through his attorney, which he then did.

defendant who consults with an attorney about a transaction.  E.g., United States v. Rice,

449 F.3d 887, 897 (8th Cir. 2006).  It may only be successfully asserted where a

defendant has "(i) fully disclosed all material facts to his attorney before seeking advice;

and (ii) actually relied on his counsel's advice in the good faith belief that his conduct

was legal."  Id. (citing Covey v. United States, 377 F.3d 903, 908 (8th Cir. 2004)).

Anderson has proffered no evidence that Norris performed unreasonably with

respect to this defense.  "Reasonable performance of counsel includes an adequate

investigation of facts, consideration of viable theories, and development of evidence to

support those theories."  Lyons v. Luebbers, 403 F.3d 585, 594 (8th Cir. 2005) (quoting

Foster v. Lockhart, 9 F.3d 722, 726 (8th Cir. 1993)).  Based on the record, the Court

concludes that Norris performed reasonably and professionally by conducting a thorough

investigation of the facts related to a potential advice-of-counsel defense, considering

whether it would be viable, and discussing it extensively with Anderson prior to

Anderson's decision to plead guilty.

Norris testified that he discussed a potential advice-of-counsel defense with

Anderson nearly every time the two met, dating back to the very beginning of his

representation.  Although Norris did not personally speak with the business attorneys

Anderson identified in the course of investigating, he explained that he tasked

investigator Kaulfuss to do so.  Kaulfuss's time records corroborate this fact, indicating

that he spent hours making "[p]hone calls back and forth to [Anderson's] old attorneys"

on February 28, 2008, and "[t]ravel[ed] to Bloomington area and met with attorney for

old [A]nderson records" on March 27, 2008.  Norris further testified that he obtained

numerous records from Anderson's former attorneys and spent considerable time

reviewing these documents and discussing them with Anderson.  Ultimately, Norris

concluded the defense would not be viable because Anderson had not disclosed all

material facts or followed counsel's advice in the good faith belief he was acting legally.

He expressed this to Anderson, and Anderson freely decided to plead guilty.

The Court finds Norris's testimony eminently credible, and Anderson did not offer

any evidence to rebut it.  Anderson argued that the absence of any reference to the

defense in Norris's time records shows they never discussed it.  But this is unpersuasive,

particularly since the records contain few specific descriptions.  Thus, the Court finds that

counsel did consider, investigate, and advise Anderson of this potential defense and its

requirements.  Anderson failed to show that his performance was not reasonable.

### III.    No certificate of appealability will be granted

Finally, the Court anticipates that Anderson will seek Eighth Circuit review of this

Order.  However, a federal prisoner may not appeal a final order in a proceeding pursuant

to 28 U.S.C. § 2255 without first securing a certificate of appealability.  See 28 U.S.C.

§ 2253(c)(1)(B).  A district court may not grant such a certificate unless the prisoner "has

made a *substantial showing* of the denial of a constitutional right."  Id. § 2253(c)(2)

(emphasis added); accord Williams v. United States, 452 F.3d 1009, 1014 (8th Cir.

2006).  A certificate of appealability will not be granted simply because an appeal is

pursued in good faith and raises a non-frivolous issue.  See Kramer v. Kemna, 21 F.3d

305, 307 (8th Cir. 1994) ("Good faith and lack of frivolousness, without more, do not

serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253.").  Rather,

the prisoner must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997); accord Flieger v. Delo, 16 F.3d 878, 882–83 (8th Cir. 1994).

The Court concludes that a certificate of appealability would not be appropriate here.  Anderson's claims have been fully addressed herein and lack merit.  The Court does not believe his claims are "debatable among reasonable jurists." Cox, 133 F.3d at 569.  He has not shown sufficient reason to believe that any other court—including the Eighth Circuit—would decide the issues any differently than they were decided here.  He has not identified, nor can the Court independently discern, anything novel, noteworthy, or worrisome about this case warranting appellate review.  Thus, the Court concludes that Anderson is not entitled to a certificate of appealability in this matter.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that (1) Anderson's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 71) is **DENIED**, and (2) the Court **DECLINES** to issue a Certificate of Appealability should Anderson attempt to appeal this Order to the Eighth Circuit.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 27, 2011                                    s/Richard H. Kyle_____
                                                        RICHARD H. KYLE
                                                        United States District Judge