UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Crim. No. 07-417 (PAM)

                            Respondent,

v.                                                                            **ORDER**

Eldon Philip Anderson,

                            Petitioner.

---

This matter is before the Court on Petitioner Eldon P. Anderson's Motion for Reconsideration. Anderson seeks reconsideration of the Court's denial of a Motion for Return of Property. In support of his request for reconsideration, Anderson attaches a document listing specific items of property he contends that the U.S. Marshals Service will not return to him absent Court order, although he does not specify when the Marshals ostensibly took this property. Given his statement that the Marshals took the property from him before he was "sent back to FPC-Duluth for final time" (Docket No. 285 at 2), the Court presumes that Anderson references his detention for a violation of the terms of his supervised release in March 2017. (Docket No. 251.)

The Court's denial of Anderson's previous Motion was not based on his failure to specifically identify the property at issue. Rather, as the Court noted, the statute Anderson cites in support of his Motion, 28 U.S.C. § 2465, does not apply here. Anderson's request for reconsideration does not offer any additional legal authority for his Motion, but it appears that Fed. R. Crim. P. 41(g) might provide that authority.

Rule 41(g) states that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return . . . in the district where the property was seized." Fed. R. Crim. P. 41(g). The Rule requires the Court to "receive evidence on any factual issue necessary to decide the motion." Id. In addition, when the motion for return of property is based on a property seizure that occurred without any accompanying criminal charges, the motion "'is more properly considered a suit in equity rather than one under the Rules of Criminal Procedure.'" Wilansky v. United States, 326 F. Supp. 3d 784, 790 (D. Minn. 2018) (Wright, J.) (quoting Black Hills Inst. of Geological Research v. U.S. Dep't of Justice, 967 F.2d 1237, 1239 (8th Cir. 1992)).

Equity requires Anderson to demonstrate "that (1) the respondent acted with a callous disregard of the Fourth Amendment, (2) [he] will suffer irreparable injury if relief is not granted, and (3) [he] lacks an adequate remedy at law." Wilansky, 326 F. Supp. 3d at 790 (citation omitted). There are several problems with the exercise of equitable jurisdiction here, not the least is that there is no "respondent"—Anderson has not brought suit against the Marshals Service or anyone else, but rather brought the Motion for Return of Property in his underlying decade-old criminal proceeding.

But more fundamentally, even assuming that this Motion is properly brought in his criminal case, Anderson has not met his burden to establish that the Motion is necessary or appropriate in the first instance. He has not provided the Court with any communication from the Marshals Service refusing to return the property or stating that a Court order is required before it will do so. Thus, there is at this point no factual dispute to resolve. In

2

other words, Anderson has offered no factual support for the Motion he asks the Court to reconsider.

Accordingly, **IT IS HEREBY ORDERED that** the Motion for Reconsideration (Docket No. 285) is **DENIED**.

Dated: June 26, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge